U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2012 JUN 13  PM 3: 12

CLERK

BY_____
DEPUTY CLERK

EVONNE A. PAGE,                          )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )          Case No. 5:11-cv-187
                                         )
VERMONT DEPARTMENT                       )
OF CORRECTIONS, and                      )
SAMANTHA CLARK                           )
                                         )
            Defendants.                  )


**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**
(Docs. 11, 13)

This matter comes before the court for a review of the Magistrate Judge's May 4, 2012 Report and Recommendation (R & R) in the above-captioned matter.  Neither party has objected to the R & R, and the deadline for doing so has expired.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made.  FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999).  The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405.  A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.  *See Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974).

Defendants Vermont Department of Corrections ("DOC") and Parole Officer Samantha Clark filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss Plaintiff Evonne Page's constitutional claims and her claims under Title II of the Americans with Disabilities Act ("ADA"). (Doc. 13.) Ms. Page, who is self-represented, did not oppose the motion.

In her Complaint, Ms. Page alleges that on August 29, 2008 she was removed from a rehabilitation program known as RISE (Recovery in an Independent, Sober Environment) after she complained that another RISE participant sexually harassed her. At the time, she was on probation and on pre-approved furlough, which DOC granted on the condition that she reside at RISE. Ms. Page, now in violation of the terms of her furlough, met with Ms. Clark, her probation officer, to request "alternate housing or treatment." (Doc. 4 at 5.) Ms. Clark allegedly did not investigate Ms. Page's allegations of sexual harassment and denied Ms. Page's request. Thereafter, Ms. Page was incarcerated for 367 days for violating her probation. Following her release, Ms. Page filed this action on July 28, 2011, seeking $75,000 in damages. On October 25, 2011, the Defendants moved to dismiss.

In reviewing a motion to dismiss, the court determines whether the complaint contains sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court accepts all factual allegations as true and "draw[s] all inferences in the plaintiff's favor." *Allaire Corp. v. Okumus*, 433 F.3d 248, 249-50 (2d Cir. 2006) (internal quotation marks and citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding whether to dismiss a complaint that has been filed by a self-represented litigant, courts should "construe [the complaint] broadly and interpret it to raise the strongest arguments it suggests." *Sharpe v. Conole*, 386 F.3d 482, 484 (2d Cir. 2004) (citation omitted). Generally, courts should not dismiss such complaints "without

granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

In his thirteen page R & R, the Magistrate Judge John Conroy carefully reviewed the Complaint and the Defendants' motion and determined that Ms. Page's constitutional claims as well as her ADA claims should be dismissed.

With respect to the ADA claims, the Magistrate Judge found that "the Complaint does not provide any facts to suggest that Ms. Page's furlough was revoked, and that additional treatment options were denied, *because* of her disability" as required to establish a violation of the ADA. (Doc. 13 at 8) (citing *Henrietta D. v. Bloomberg*, 331 F.3d 261, 278 (2d Cir. 2003); *Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581, 601(1999)). The Magistrate Judge further noted that the ADA does not provide for liability against a defendant, such as Ms. Clark, in his or her individual capacity. *Garcia v. SUNY Health Sciences Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001).

With respect to Ms. Page's constitutional claims, the Magistrate Judge broadly construed the Complaint to allege a procedural due process claim, based on the allegation that Ms. Page's "civil and constitutional rights were indeed violated" and the allegation that her "freedoms were taken from [her]." (Doc. 4 at 5.) The Magistrate Judge properly found that "the general allegation that Ms. Page was deprived of 'freedoms' does not provide enough factual background to 'nudge' her claims 'across the line from conceivable to plausible.'" (Doc. 13 at 9) (quoting *Twombly*, 550 U.S. at 570.)

In recommending dismissal of Ms. Page's constitutional claims, the Magistrate Judge correctly concluded that the Eleventh Amendment bars any constitutional claims for damages against either DOC, a state agency, or against Ms. Clark as a state official in her official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *see also Davis v. New York*, 316 F.3d 93, 101 (2d Cir. 2002). Although the Magistrate Judge recognized that a plaintiff can seek damages from a state when the state has explicitly and univocally waived its sovereign immunity, or when Congress has clearly abrogated the state's

sovereign immunity, he correctly concluded that neither exception applies to Ms. Page's case. *See* 12 V.S.A. § 5601(g); *Quern v. Jordan*, 440 U.S. 332, 340-342 (1979).

As for Ms. Page's constitutional claims against Ms. Clark in her individual capacity, the Magistrate Judge observed that "the Complaint does not allege that Ms. Clark was personally involved in depriving Ms. Page of her 'freedoms'" (Doc. 13 at 10-11), which is a "prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). For this reason, the Magistrate Judge recommended that the court dismiss Ms. Page's constitutional claims. The court agrees. Absent allegations of Ms. Clark's personal involvement, the Complaint fails to allege sufficient facts to state a plausible claim for damages.

Finally, the Magistrate Judge recommended that Ms. Page be allowed to amend her Complaint, because "Ms. Page may have a basis for claiming that Defendants violated her rights, whether under the ADA, the United States Constitution, or both." (Doc. 13 at 11-12.)

The court agrees with the Magistrate Judge's conclusions. Accordingly, the court hereby ADOPTS the Magistrate Judge's R & R as the opinion and order of the court, GRANTS Ms. Clark's and DOC's motion to dismiss (Doc. 11), and GRANTS Ms. Page thirty (30) days within which to file an Amended Complaint. Should she fail to do so, this case will be dismissed.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this ___13___ᵗʰday of June, 2012.

Christina Reiss, Chief Judge
United States District Court